**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:20-CV-21254-BLOOM/LOUIS**

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

JUSTIN W. KEENER D/B/A JMJ FINANCIAL,

                Defendant.

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO THE SECURITIES AND EXCHANGE COMMISSION'S COMPLAINT**

Defendant Justin W. Keener d/b/a JMJ Financial ("Defendant" or "Mr. Keener" or "JMJ Financial"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Securities and Exchange Commission's ("SEC" or "Plaintiff") Complaint [ECF No. 1].

**SUMMARY**

1. Defendant denies the allegations in Paragraph 1, except admits that he invested in microcap companies and liquidated billions of shares of common stock during the Relevant Period. To the extent Paragraph 1 contains conclusions of law, no response is required.

2. Defendant denies the allegations in Paragraph 2, except admits that he invested in microcap companies through convertible notes, which have, at times, in part or in whole been converted into stock, some of which was subsequently liquidated. Defendant further admits that he converted more than 100 such notes from more than 100 different microcap issuers during the Relevant Period. To the extent Paragraph 2 contains conclusions of law, no response is required.

3. Paragraph 3 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

4. Paragraph 4 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## DEFENDANT

5. Defendant denies the allegations in Paragraph 5, except admits the following: Mr. Keener resides in Puerto Rico; Mr. Keener was 45 years old at the time the SEC filed its Complaint; Mr. Keener registered the name "JMJ Financial" in Florida in 2008; Mr. Keener at one point during the Relevant Period employed as many as twenty people; and Defendant has never registered as a securities dealer with the SEC.  Defendant further states that the FINRA decision referred to in the final sentence of Paragraph 5 speaks for itself.

## JURISDICTION AND VENUE

6. Paragraph 6 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

7. Paragraph 7 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations.

## FACTUAL ALLEGATIONS

8. Defendant denies the allegations in Paragraph 8, except admits that during the Relevant Period he invested in convertible notes which have, at times, in part or in whole been converted into stock and subsequently liquidated into the market, after the notes were held for six months or more.  Defendant further admits that during the Relevant Period he liquidated billions of shares.  To the extent Paragraph 8 contains conclusions of law, no response is required.

9. Defendant denies the allegations in Paragraph 9, except admits that he negotiated the

terms of the convertible notes and signed contracts to memorialize the investments he made into issuers.

10. Defendant denies the allegations in Paragraph 10, except admits to hiring employees, who attended conferences, some of which were attended by microcap companies among other attendees. Defendant also admits that he has sponsored some of these conferences. Defendant further admits to operating a website for JMJ Financial, and states that the website speaks for itself. Defendant further states that the Complaint mischaracterizes the PowerPoint presentations referenced in the last sentence of Paragraph 10 and those PowerPoint presentations speak for themselves.

11. Defendant denies the allegations in Paragraph 11. To the extent Paragraph 11 contains conclusions of law, no response is required.

12. Defendant denies the allegations in Paragraph 12, except admits that he submitted conversion notices to issuers, and obtained attorney opinion letters. To the extent Paragraph 12 contains conclusions of law, no response is required.

13. Defendant denies the allegations in Paragraph 13, except admits that he used the telephone or internet to liquidate shares. The convertible notes speak for themselves. To the extent Paragraph 13 contains conclusions of law, no response is required.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

    **a. Lithium Exploration Group, Inc. ("LEXG")**

        i. Defendant denies the allegations in Paragraph 15(a)(i), except admits that Defendant invested in a convertible note from LEXG on February 13, 2013 and made the following investments into LEXG:

- $100,000 on February 13, 2013
- $50,000 on April 24, 2013
- $50,000 on June 5, 2013
- $50,000 on June 27, 2013
- $75,000 on August 14, 2013
- $100,000 on December 9, 2013
- $50,000 on February 20, 2014
- $200,000 on April 16, 2014

ii. Defendant denies the allegations in Paragraph 15(a)(ii), except admits that he submitted 14 conversion notices to LEXG between April 20, 2015 and May 10, 2016 and liquidated 344,744,000 shares of common stock of LEXG.

iii. Defendant denies the allegations in Paragraph 15(a)(iii) and states that the convertible note speaks for itself.

iv. Defendant denies the allegations in Paragraph 15(a)(iv).

b. **ERHC Energy, Inc. ("ERHC")**

i. Defendant denies the allegations in Paragraph 15(b)(i), except admits that he invested in a convertible note from ERHC on April 16, 2014 and made the following investments into ERHC:

- $100,000 on April 16, 2014
- $50,000 on September 4, 2014
- $50,000 on October 22, 2014
- $50,000 on March 10, 2016

ii. Defendant denies the allegations in Paragraph 15(b)(ii), except admits that

he submitted 22 conversion notices to ERHC between January 2, 2015 and December 21, 2016 and liquidated 438,698,078 shares of common stock of ERHC.

   iii. Defendant denies the allegations in Paragraph 15(b)(iii) and states that the convertible note speaks for itself.

   iv. Defendant denies the allegations in Paragraph 15(b)(iv).

 **c. Accelera Innovations, Inc. ("ACNV")**

   i. Defendant denies the allegations in Paragraph 15(c)(i), except admits that Defendant invested in a convertible note from ACNV on September 2, 2015 and made the following investments into ACNV:

- $50,000 on September 2, 2015
- $25,000 on March 10, 2016

   ii. Defendant denies the allegations in Paragraph 15(c)(ii), except admits that he submitted 14 conversion notices to ACNV between March 2, 2016 and January 12, 2017 and liquidated 28,091,729 shares of common stock of ACNV.

   iii. Defendant denies the allegations in Paragraph 15(c)(iii) and states that the convertible note speaks for itself.

   iv. Defendant denies the allegations in Paragraph 15(c)(iv).

16. Defendant denies the allegations in Paragraph 16, except admits that he invested in microcap companies and liquidated billions of shares during the Relevant Period.

17. Paragraph 17 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

18. Defendant denies the allegations in Paragraph 18, except admits that he invested in

microcap companies through convertible notes which have, at times, been converted into stock, some of which was subsequently liquidated. Defendant further admits that he used email or the telephone to negotiate or make investments.

19. Defendant admits the allegations in Paragraph 19.

20. Paragraph 20 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

21. Paragraph 21 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

22. Paragraph 22 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

## CAUSE OF ACTION
### (Alleged Violation of Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1))

23. Defendant repeats and re-responds to every allegation by reference to each and every response to paragraphs 1-22 above as if they were fully set forth herein.

24. Paragraph 24 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

25. Paragraph 25 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

26. Paragraph 26 contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

## RELIEF REQUESTED

Defendant denies that the SEC is entitled to any of the relief sought in the Complaint, including the relief identified in this section.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative and other defenses, without admitting any allegation not otherwise admitted and without assuming any burden of proving any fact that is otherwise Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

Defendant hereby relies on and reasserts all defenses contained in his prior motions in this action, including the Motion to Dismiss Defendant previously filed.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by due process, in whole or in part, where Defendant had no fair notice that his conduct could be unlawful.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is estopped, in whole or in part, from asserting claims inconsistent with the SEC's own published guidance and no-action letters.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, where Defendant acted on the advice of counsel.

### SEVENTH AFFIRMATIVE DEFENSE

The SEC's injunctive relief claim is barred by a failure to allege a reasonable likelihood that Defendant will violate the securities laws in the future.

## EIGHTH AFFIRMATIVE DEFENSE

The SEC's requested disgorgement award is barred by a failure to allege any victims and by a failure to limit the award to Defendant's net profits. *See Liu v. SEC*, 140 S. Ct. 1936 (2020).

## NINTH AFFIRMATIVE DEFENSE

The SEC is not entitled to a penny stock bar under the Exchange Act of 1934.

## TENTH AFFIRMATIVE DEFENSE

The SEC is not entitled to civil penalties for the conduct alleged by the Complaint.

## RESERVATION

Defendant reserves the right to amend this Answer up to, and through, the time of trial to assert any additional affirmative defenses set forth in or permitted by Federal Rule of Civil Procedure 8, when and if, during the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses.

Dated: August 27, 2020         Respectfully submitted,

**GREENBERG TRAURIG LLP**

/s/ *Benjamin G. Greenberg*
**Benjamin G. Greenberg**
Florida Bar No. 192732
333 SE 2nd Avenue Suite 4400
Miami, FL 33131
Telephone: (305) 579-0850
Facsimile: (305) 579-0717
greenbergb@gtlaw.com

**RASKIN & RASKIN, P.A.**

**Jane Serene Raskin**
Florida Bar No. 848689
201 Alhambra Circle Suite 1050
Coral Gables, Fl. 33134
Telephone: (305) 444-3400
jraskin@raskinlaw.com

*-and-*

**BUCKLEY LLP**

**Christopher F. Regan (*pro hac vice*)**
**Veena Viswanatha (*pro hac vice*)**
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 349-8000
Facsimile: (202) 349-8080
cregan@buckleyfirm.com
vviswanatha@buckleyfirm.com

*Counsel for Defendant Justin W. Keener*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served via ECF a true and correct copy of the foregoing document to the following:

Joshua E. Braunstein (Special Bar No. A5502640)
Antony Richard Petrilla (Special Bar No. A5502641)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-8470
Braunsteinj@sec.gov

*Attorneys for Plaintiff*
*Securities and Exchange Commission*

This, the 27$^h$ day of August, 2020

/s/ *Benjamin G. Greenberg*