UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-21254-BLOOM/Louis

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

JUSTIN W. KEENER, *d/b/a/ JMJ Financial*

    Defendant.
_____/

## ORDER ON DISCOVERY DISPUTES

Pursuant to this Court's procedures on discovery disputes (ECF No. 31), Defendant Justin W. Keener has noticed discovery disputes for hearing (ECF No. 36). The Court heard arguments on the noticed disputes on December 17, 2020. This Order succinctly memorializes but does not modify the rulings made in open court.

Defendant's Requests Nos. 1 and 4 are overbroad and exceed counsel's proffered relevance and need for the documents sought, which focused on public-facing statements by the SEC on which Defendant could have relied. The Defendant's definition of "SEC Guidance," however, includes internal communications and other categories of documents not calculated to reach Defendant. To the extent counsel has demonstrated the relevance of documents that may be captured by these requests, I nonetheless find that compliance with the requests would not be proportional to the needs in the case. Defendant's request to compel documents responsive to Requests Nos. 1 and 4 are thus denied, but as explained at the hearing, without prejudice to Defendant's ability to file a motion to compel, for which leave was granted, following meaningful conferral with opposing counsel about appropriate limitations on the request consistent with Rule 26.

By comparison, Request No. 3 seeks SEC Guidance that would support two contentions made

1

in the Complaint regarding characteristics of a dealer. These documents are relevant and the SEC's objections to producing all documents responsive to the Request, *to the extent it pertains to the allegations from the Complaint*, are overruled. Counsel represented that the SEC has already produced documents responsive to the Request, yet its responses indicate that it objected to searching for or producing documents. Accordingly, and within 14 days, the SEC will amend its response to Request No. 3 to identify the guidance that supports its contentions.

The SEC objections to producing documents responsive to Requests Nos. 27 & 29 are overruled.

SEC objection to Request No. 16 is overruled. In an effort however to reduce the burden of identifying and producing documents responsive to this Request, the SEC will first produce to Defendant a chart that discloses all investigations into Defendant Keener. The disclosure shall be made within 14 days. Upon production, counsel shall confer in effort to identify documents relevant and sought by Defendant more narrowly tailored to the respective investigations. It is not the Court's expectation that having itemized the commission's past encounters with Defendant, it will be required to produced *all* documents, without limitation, that relate to him in any tangential way. Disclosure of the chart thus should enable the Parties to meaningfully confer frame an appropriately proportional response to the Request.

Pursuant to Federal Rule of Civil Procedure 37(a)(5), no costs have been shifted for raising these disputes. Most have been resolved pursuant to the Court's procedures without need for the filing of a motion and further, I find the SEC's objections were substantially justified.

**DONE and ORDERED** in Chambers in Miami, Florida this 17th day of December, 2020.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**