UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 20-CV-21254-BLOOM/Louis**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

JUSTIN W. KEENER, *d/b/a/ JMJ Financial*

    Defendant.
_____/

## ORDER ON DISCOVERY DISPUTE

Pursuant to this Court's procedures on discovery disputes (ECF No. 31), Defendant Justin W. Keener has noticed discovery disputes for hearing (ECF No. 42). The Court heard arguments on the noticed disputes on June 18, 2021. This Order succinctly memorializes but does not modify the rulings made in open court.

This dispute arises from Interrogatory No. 6 from Defendant's First Set of Interrogatories and Request No. 1 of Defendant's Second Request for Production of Documents. The discovery sought by Defendant here relates to communications made by the Plaintiff Securities and Exchange Commission's Office of Interpretation and Guidance in response to questions stemming from the dealer registration requirements set forth in the SEC's Guide to Broker-Dealer Registration. The Parties disagree as to both the relevance and burden tied to producing these communications.

The SEC argues in the first instance that the communications are not relevant because any responsive documents would contain only informational, nonbinding guidance offered to individual members of the public in response that individual's question posed to the SEC. The SEC insists that these questions and the responses would necessarily be based on that individual's unique set of facts, and they would thus have no bearing on any factual issue in the instant case regarding Defendant's

1

conduct. As the SEC notes in its responses to Defendant's relevant request for production and interrogatory, the guidance itself articulates its informal and non-binding nature, adding that the SEC "cannot act as an individual's or broker-dealer's lawyer" and that individuals may seek formal guidance via written inquiry consistent with the SEC guidelines regarding such requests. The SEC argues further that, relevance notwithstanding, producing the communications would be unduly burdensome because it is overbroad on two fronts: (1) it is not limited to, in accordance with this Court's Order on a prior discovery dispute "internal communications and other categories of documents not calculated to reach Defendant" (ECF No. 38); and (2) the request asks for "all Documents . . . Concerning Section II.B of the Guide ('Who is a Dealer')," which necessarily concerns market participants whose conduct is not the subject of this litigation. Finally, the SEC notes that to the extent Defendant seeks this information to support a reliance or due process defense, such defenses are inapplicable here given that the SEC does not allege scienter and Defendant does not claim the plain language of the dealer registration statute to be ambiguous. The SEC previously proposed narrowing the documents and information sought to those that specifically related to Defendant, and it searched for such documents but found there were none. It further states that compliance with Defendant's requests as issued would require approximately 470 hours of SEC staff time based on the nature of the database, but it offered a less than fulsome presentation on this point other than to say searches could only be run for a single word at a time and the communications would be subject to a privilege review.

In response, Defendant argues that the discovery is indeed relevant, claiming that the SEC created confusion around the statute arising from statements it made, in part, to such third parties; he claims that while the SEC is now directing individuals to review the applicable statute and *SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 809-10 (11th Cir. 2015), this instruction differs from prior statements. Defendant avers that he has a right to obtain this discovery as it bears on the market's

understanding of broker-dealer registration and thus Defendant's fair notice/due process defense as well as his scienter. Even though scienter is not an element of the SEC's claim, Defendant claims it is nevertheless relevant to the defense he intends to mount, particularly given that the SEC is seeking injunctive relief here. Defendant too claims that he is willing to narrow his request, but the parties could not agree on applicable terms to run through the database.

     I agree with Defendant that to foreclose discovery entirely in this vein would be tantamount to foreclosing the possibility of a due process defense, which is a decision on the merits outside the scope of what will fall to me to determine. Despite the SEC's protestations to the contrary, I also find that Judge Bloom's denial of the motion to dismiss on the basis of Defendant's due process claim is not synonymous with rejecting Defendant's due process claim altogether. Likewise, the facts at play in my prior order denying the motion to compel with respect to communications not reasonably calculated to reach Defendant do not square with the relevant facts here—the prior dispute concerned purely internal communications, while the present contemplates communications *with the public*. Overall, as I noted at the June 18, 2021, hearing on this matter, I find the information sought is relevant; the request is intuitive with respect to Defendant's due process argument and the SEC's decision not to argue scienter does not preclude Defendant from advancing it. Proportionality is more difficult to determine absent more complete information about the database and with no way to contextualize the SEC's unexplained statement that to fulfill the request would require 470 staff hours. Further, as also noted at the hearing, I do not entirely understand the SEC's proffer as to why the documents or information would be privileged.

     Therefore, at the conclusion of the hearing I ordered the SEC to run the terms "apple" and "convertible" (referring to the *Big Apple* case and the phrase "convertible notes," respectively) and produce, within **7** days, the documents responsive to those terms. I gave Defendant leave to propose two additional narrow terms to the SEC by Monday, June 21, 2021; the SEC was further ordered to

3

run these terms through the database, and if they resulted in a hit count equal to or lesser than the results for the term "convertible," the SEC will also produce those relevant documents. I also gave the Parties leave to submit briefing on this subject within **7** days following the document production, whether that be a Motion to Compel by Defendant or a Motion for Protective Order by the SEC. The need for briefing depends on the Parties' positions regarding whether further discovery must be sought from the database or whether it should be precluded. The opposing party may then file a response within **7** days after the filing of the motion.

Pursuant to Federal Rule of Civil Procedure 37(a)(5), no costs have been shifted for raising these disputes, as I find the SEC's objections were substantially justified.

**DONE and ORDERED** in Miami, Florida this 22nd day of June, 2021.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**