# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-CV-21254-BLOOM/LOUIS

SECURITIES AND EXCHANGE
COMMISSION,

                  **Plaintiff,**

v.

**JUSTIN W. KEENER D/B/A JMJ FINANCIAL,**

                  **Defendant.**

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Justin W. Keener d/b/a JMJ Financial ("Defendant"), by and through undersigned counsel, hereby requests that Plaintiff U.S. Securities and Exchange Commission ("SEC") answer the following interrogatories ("the Interrogatories") within thirty (30) days of service of this request.

## DEFINITIONS

1. "Defendant" means Justin W. Keener d/b/a JMJ Financial.

2. "SEC" or "Plaintiff" or "You" or "Your" means the U.S. Securities and Exchange Commission, including all of its subsidiary divisions and units, as well as any person employed by, formerly employed by, associated with, formerly associated with, acting on behalf of, or who formerly acted on behalf of that entity.

3. "Action" means the above-captioned case pending in the United States District Court for the Southern District of Florida, Miami Division.

4. "Person" means any natural person or any business, legal or governmental

entity or association, including any such entity or association's subsidiaries and affiliates, as well as anyone acting on behalf of, at the direction of, or under the control of the entity or association or its subsidiaries or affiliates.

5. "Communication" or "correspondence" means the transmittal of any information in any manner, including any oral, written, or electronic correspondence and evidence thereof, no matter how that correspondence or evidence is stored, memorialized, or fixed. It also includes any letters, emails, messages, transcripts, records of statements, summaries, memoranda, reviews, reports, notes, logs, records, journals, minutes, or outlines concerning the transmittal of information.

6. "Document" is used in its broadest sense and is meant to include all items referred to and included within the scope of Federal Rule of Civil Procedure 34. The term "document" specifically includes any and all electronic documents and data, no matter how they are stored, all original and nonidentical copies of any document, and all nonidentical drafts or versions of any document. The term "document" includes all writings, correspondence, memoranda, messages, diaries, notes, journals, minutes, books, reports, charts, ledgers, invoices, computer printouts, photographs, video or audio tapes or recordings, microfilm, computer generated documents, computer disks or data tapes, and any other tangible things.

7. "Identify" (with respect to Persons) means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural person, additionally, the Person's present or last known place of employment and job title.

8. "Identify" (with respect to Documents or Communications) means to give, to the extent known, the (i) the type of Document or Communication; (ii) a summary of the substance of the Document or Communication; (iii) date of the Document or Communication; (iv) author(s),

addressee(s), recipients, or participants; and (v) the bates range(s) Relating to the Document or Communication.

9. "All" means "any and all"; "any" means "any and all."

10. "And" and "or" each encompass both "and" and "or." Both terms should be construed disjunctively and conjunctively, as necessary, to bring within the scope of these requests all documents that might otherwise be construed as falling outside their scope.

11. "Including" means "including, but not limited to."

12. As used herein, the singular of any word shall include the plural, and the plural of any word shall include the singular.

## INSTRUCTIONS

1. Your answers to these Interrogatories should reflect information available to You, Your employees, agents, servants, representatives, independent contractors, attorneys, and persons under Your control or direction or acting or purporting to act on Your behalf.

2. When an Interrogatory does not specifically request a particular fact, but such fact is necessary in order to make the answer to the Interrogatory either comprehensible, complete, or not misleading, You are to include such fact as part of Your answer and the Interrogatory shall be deemed specifically to request such fact.

3. If serving an objection to an Interrogatory, the form of the objection must comply with Local Rule 26.1(e) and Magistrate Judge Louis's September 9, 2020 General Order on Discovery Objections and Procedures [ECF No. 31].

4. If you object to any part of the Interrogatory for whatever reason, you must still answer the Interrogatory as to the remaining parts.

5. You have a duty to supplement Your responses to the Interrogatories pursuant to Rule

26(e) of the Federal Rules of Civil Procedure. You are requested to provide such additional information as You or any other Person on Your behalf hereafter may obtain which will augment or otherwise modify Your answers or responses now given to the Interrogatories below. Such supplementary information is to be provided to the undersigned immediately upon Your receipt of such information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all Persons you believe are victims of the conduct alleged by the SEC in this Action and all of the facts that You believe demonstrate such Persons are in fact victims, including the specific amount of harm or loss you believe such victims experienced.

**INTERROGATORY NO. 2:**

Identify all facts You believe demonstrate that Mr. Keener advertised his willingness to sell any security or that he quoted prices for the sale of any security.

**INTERROGATORY NO. 3:**

Identify all facts You believe demonstrate that Mr. Keener provided investment advice.

**INTERROGATORY NO. 4:**

Explain all of the reasons You published, and continue to publish to this day, the Guide to Broker-Dealer Registration, available at https://www.sec.gov/reportspubs/investor-publications/divisionsmarketregbdguidehtm.html.

**INTERROGATORY NO. 5:**

Explain with specificity what each of the following phrases in the Guide to Broker-Dealer Registration means, including by identifying all of the conduct described in each phrase:

a. "Issu[ing] or originat[ing] securities;"

4

    b. Conducting "business with the public (either retail or institutional);"

    c. "Underwrit[ing] securities;"

    d. "Individuals who buy and sell securities for themselves generally are considered traders and not dealers;" and

    e. Buying and selling securities "not as part of a regular business."

**INTERROGATORY NO. 6:**

In light of the fact that the SEC's Guide to Broker-Dealer Registration solicits questions from the public—*i.e.*, "[t]he SEC staff stands ready to answer your questions and help you comply with our rules. After reading this guide, if you have questions, please feel free to contact the Office of Interpretation and Guidance"—identify any questions received by the SEC's Office of Interpretation and Guidance from 2013 to the present concerning the activities of a dealer, and any responses provided by the SEC.

**INTERROGATORY NO. 7:**

Identify any complaints received by the SEC's Office of Investor Education and Advocacy from individual investors or their representatives from 2013 to the present relating to convertible promissory notes issued by microcap issuers.

Dated: December 23, 2020                        Respectfully submitted,

                                                          GREENBERG TRAURIG LLP

                                                          /s/ *Benjamin G. Greenberg*
                                                          **Benjamin G. Greenberg**
                                                          Florida Bar No. 192732
                                                          333 SE 2nd Avenue Suite 4400
                                                          Miami, FL 33131
                                                          Telephone: (305) 579-0850
                                                          Facsimile: (305) 579-0717
                                                          greenbergb@gtlaw.com

**RASKIN & RASKIN, P.A.**

**Jane Serene Raskin**
Florida Bar No. 848689
201 Alhambra Circle Suite 1050
Coral Gables, Fl. 33134
Telephone: (305) 444-3400
jraskin@raskinlaw.com

*-and-*

**BUCKLEY LLP**

**Christopher F. Regan (*pro hac vice*)**
**Veena Viswanatha (*pro hac vice*)**
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 349-8000
Facsimile: (202) 349-8080
cregan@buckleyfirm.com
vviswanatha@buckleyfirm.com

*Counsel for Defendant Justin W. Keener*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Defendant's First Set of Interrogatories to Plaintiff to be sent electronically to:

    Joshua E. Braunstein (Special Bar No. A5502640)
    Antony Richard Petrilla (Special Bar No. A5502641)
    Attorneys for Plaintiff
    U.S. Securities and Exchange Commission
    100 F Street NE
    Washington, DC 20549
    Telephone: (202) 551-8470
    Braunsteinj@sec.gov
    PetrillaA@sec.gov

    *Attorneys for Plaintiff*
    *Securities and Exchange Commission*

    This, the 23rd day of December, 2020

    /s/ *Benjamin G. Greenberg*
    Benjamin G. Greenberg