# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-CV-21254-BLOOM/LOUIS

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

v.

JUSTIN W. KEENER D/B/A JMJ FINANCIAL,

       Defendant.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Justin W. Keener d/b/a JMJ Financial ("Defendant"), by and through undersigned counsel, request that Plaintiff, the U.S. Securities and Exchange Commission ("SEC"), produce the documents described below, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**I.  INSTRUCTIONS**

1. Documents shall be produced at the offices of Buckley LLP ("Buckley"), Washington, D.C., or at such other location as the parties may agree, on or before 30 days from service of this request.

2. Documents shall be produced as they are kept in the ordinary course of business or be organized and labeled to correspond with the categories in this request.

3. Documents held by the SEC in electronic form shall be produced in the same form.

1

Documents in paper format may be produced either by sending the originals or by scanning the hard copies and producing the scans electronically.

4. Documents should be labeled with sequential numbering (bates-stamped).

5. Documents produced in electronic format shall be produced in compliance with the Data Delivery Standards from the SEC's original Subpoena in the JMJ Financial Investigation, dated May 7, 2018.

6. This request covers all documents in the possession of, or subject to the custody or control of Plaintiff, its agents or employees or persons acting on its behalf, including its attorneys and accountants.

7. This request calls for production of all original documents and all copies and drafts of the same.

8. If asserting an objection to the production of a document based on a claim of privilege, that party shall provide a privilege log of the documents to which the objection is made, setting forth with respect to each document the information required by Local Rule 26.1(e)(2)(B)-(C).

9. For each document responsive to these requests that is known to have existed but cannot be located, or has been destroyed or discarded, provide the identity of the author(s), the date and recipient(s), and summarize its contents.

10. Each document request herein is continuing in nature so as to require you to submit supplementary responses if additional documents are found.

## II.     DEFINITIONS

1. "All" means "any and all"; "any" means "any and all."

2. "And" and "or" each encompass both "and" and "or." Both terms should be construed disjunctively and conjunctively, as necessary, to bring within the scope of these requests all documents that might otherwise be construed as falling outside their scope.

3. "Including" means "including, but not limited to."

4. "Concerning" means constituting, evidencing, reflecting, describing, effecting, memorializing, summarizing, containing, reflecting, relating to, referring to, pertaining to, or being about, either directly or indirectly, or in any way logically or factually connected with the specified subject matter. Any request for documents "concerning" any subject matter includes a request for documents reflecting communications about that subject matter.

5. "Person" is defined as any natural person or any business, legal or governmental entity or association, including any such entity or association's subsidiaries and affiliates, as well as anyone acting on behalf of, at the direction of, or under the control of the entity or association or its subsidiaries or affiliates.

6. "Communication" or "correspondence" means the transmittal of any information in any manner, including any oral, written, or electronic correspondence and evidence thereof, no matter how that correspondence or evidence is stored, memorialized, or fixed.  It also includes any letters, emails, messages, transcripts, records of statements, summaries, memoranda, reviews, reports, notes, logs, records, journals, minutes, or outlines concerning the transmittal of information.

7. "Document" is used in its broadest sense and is meant to include all items referred to

and included within the scope of Federal Rule of Civil Procedure 34. The term "document" specifically includes any and all electronic documents and data, no matter how they are stored, all original and nonidentical copies of any document, and all nonidentical drafts or versions of any document. The term "document" includes all writings, correspondence, memoranda, messages, diaries, notes, journals, minutes, books, reports, charts, ledgers, invoices, computer printouts, photographs, video or audio tapes or recordings, microfilm, computer generated documents, computer disks or data tapes, and any other tangible things.

8. "Matter" means any inquiries, formal or informal investigations, litigation, or administrative proceedings.

9. "SEC" means the U.S. Securities and Exchange Commission, including all of its subsidiary divisions and units, as well as any person employed by, formerly employed by, associated with, formerly associated with, acting on behalf of, or who formerly acted on behalf of that entity.

10. "JMJ Financial Investigation" means the SEC investigation designated as HO-13487, including any investigation conducted prior to the Commission's issuance of a formal notice of investigation.

### III.   DOCUMENT REQUESTS

1. The SEC's Guide to Broker-Dealer Registration states that: "The SEC staff stands ready to answer your questions and help you comply with our rules. After reading this guide, if you have questions, please feel free to contact the Office of Interpretation and Guidance at (202) 551-5777 (e-mail tradingandmarkets@sec.gov) or the Regional Office of the SEC in your area." Guide to Broker Dealer Registration ("the Guide"), *avail. at* https://www.sec.gov/reportspubs/investor-publications/divisionsmarketregbdguidehtm.html.

Please produce from Jan. 1, 2013 to the present all Documents reflecting questions received by the Office of Interpretation and Guidance ("Office") Concerning Section II.B of the Guide ("Who is a 'Dealer'"), and all Documents reflecting responses provided by the Office to such questions.

Dated: March 19, 2021

Respectfully submitted,

**GREENBERG TRAURIG LLP**

<u>/s/ *Benjamin G. Greenberg*</u>
**Benjamin G. Greenberg**
Florida Bar No. 192732
333 SE 2nd Avenue Suite 4400
Miami, FL 33131
Telephone: (305) 579-0850
Facsimile: (305) 579-0717
greenbergb@gtlaw.com

**RASKIN & RASKIN, P.A.**

**Jane Serene Raskin**
Florida Bar No. 848689
201 Alhambra Circle Suite 1050
Coral Gables, Fl. 33134
Telephone: (305) 444-3400
jraskin@raskinlaw.com

-and-

**BUCKLEY LLP**

**Christopher F. Regan (*pro hac vice*)**
**Veena Viswanatha (*pro hac vice*)**
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 349-8000
Facsimile: (202) 349-8080
cregan@buckleyfirm.com
vviswanatha@buckleyfirm.com

*Counsel for Defendant Justin W. Keener*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Defendant's First Request for Production of Documents to be sent electronically to:

Joshua E. Braunstein (Special Bar No. A5502640)
Antony Richard Petrilla (Special Bar No. A5502641)
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-8470
Braunsteinj@sec.gov
PetrillaA@sec.gov

*Attorneys for Plaintiff*
*Securities and Exchange Commission*

This, the 19th day of March, 2021

/s/ *Benjamin G. Greenberg*