# EXHIBIT 5



# JMJ - Discovery - SMAIL

orauh@buckleyfirm.com

JMJ - Discovery - SMAIL

| | |
|---|---|
| **Received:** | Apr 30, 2021 11:57 AM |
| **Expires:** | Jul 29, 2021 11:57 AM |
| **From:** | braunsteinj@sec.gov |
| **To:** | orauh@buckleyfirm.com, cregan@buckleyfirm.com, greenbergb@gtlaw.com, vviswanatha@buckleyfirm.com |
| **Cc:** | petrillaa@sec.gov |
| **Subject:** | JMJ - Discovery - SMAIL |

*This message was sent securely using Zix®*

Chris,

Good morning. During our meet and confer on Monday April 26, we agreed to give additional thought to our objections to JMJ's Interrogatory No. 6 and Second Request For Production, which ask the SEC to produce documents and provide information reflecting all communications the SEC's Office of Interpretation and Guidance had with third-party members of the public relating to the SEC's Guide to Broker-Dealer Registration. As we explain below, we have now searched for responsive documents relating to Defendant (Keener and/or JMJ) and have learned that there are none. We have further determined that, as posed, complying with the requests would impose an extraordinary burden, requiring a search through thousands of records that would take an estimated 470 hours of SEC staff time. This is because JMJ has requested documents about every dealer registration question the SEC has received in the last eight years, regardless of the potential relevance to JMJ's business. Your request that we have staff members search for references to the statutory language would not reduce this burden and is not a meaningful narrowing of the request.

The specific request from the RFP is as follows:

> The SEC's Guide to Broker-Dealer Registration states that: "The SEC staff stands ready to answer your questions and help you comply with our rules. After reading this guide, if you have questions, please feel free to contact the Office of Interpretation and Guidance at (202) 551-5777 (e-mail tradingandmarkets@sec.gov ) or the Regional Office of the SEC in your area." Guide to Broker Dealer Registration ("the Guide"), avail. at

> https://www.sec.gov/reportspubs/investor-publications/divisionsmarketregbdguidehtm.html .

> Please produce from Jan. 1, 2013 to the present all Documents reflecting questions received by the Office of Interpretation and Guidance ("Office") Concerning Section II.B of the Guide ("Who is a 'Dealer'"), and all Documents reflecting responses provided by the Office to such questions.

The SEC objected to this request on the ground that any responsive documents would not be relevant to any claim or cognizable defense in this case because any such documents would contain only informal, nonbinding guidance provided by SEC staff to individual members of the public, and would not render any fact at issue in this case more or less likely. The SEC also stated that the Guide at issue makes clear that any staff response to a question by the public would be informal and non-binding. To that end, the Guide advises anyone wishing to pose a question about Broker-Dealer registration as follows:

> You may wish to consult with a private lawyer who is familiar with the federal securities laws, to assure that you comply with all laws and regulations. The SEC **staff cannot act as an individual's or broker-dealer's lawyer** . While the staff attempts to provide guidance by telephone to individuals who are making inquiries, the **guidance is informal and not binding. Formal guidance may be sought through a written inquiry** that is consistent with the SEC's guidelines for no-action, interpretive, and exemptive requests. (Emphasis added).

The SEC also objected on the ground that Defendant's request for the described documents was overbroad and not proportional to the needs of the case, even assuming some marginal relevance. The SEC has repeatedly asked Defendant to narrow his request by specifying whether he or an employee of his (or anyone he personally knows) received informal guidance from staff in the Office of Interpretation and Guidance. The SEC observed that any other materials would be "internal communications and **other categories of documents not calculated to reach Defendant** ," which Magistrate Judge Louis found to be overbroad and "not proportional to the needs of the case" in her December 17, 2021 Order on Discovery Disputes, at 1 (emphasis added).

You rejected our offer to search for any responsive documents that **would** ostensibly have reached Mr. Keener or any employee of JMJ (or anyone Mr. Keener knows). Notwithstanding your position, we have now searched the relevant databases and learned that there exist **no documents** responsive to Defendant's Interrogatory No. 6 and Defendant's Second Request for Production of Documents that reflect any inquiry to the Office of Interpretation and Guidance by Defendant or any of his employees. It is evident that neither Defendant (Mr. Keener) nor any JMJ employee ever contacted the SEC to inquire about whether he should have registered as a dealer. This is not surprising in light of Mr. Keener's 2012 FINRA bar, which would have precluded him from registering as a dealer. He

would have had no reason to inquire with the SEC about whether he was required to do something his bar would have prohibited him from doing.

We also note that regarding the burden to search for and compile responsive documents, we understand that this task would take an estimated 470 hours of SEC staff time based on the exceptionally broad search parameters of Defendants' requests, which cover an eight year period. This would entail searching thousands of records, primarily because Section II. B of the Broker-Dealer Guide concerns *every* kind of dealer that may operate in the United States, not just those who buy convertible notes and sell the resulting stock, like Defendant.

Upon further internal deliberations, and after considering the rationale you provided us during our meet and confer to support Defendant's perceived need for the materials, we are constrained to maintain our objections. We base this decision not only on our previous statements of objection—in our formal discovery responses and the numerous emails we have exchanged—but also in light of new information regarding: (1) the lack of any responsive records pertaining to Keener or JMJ, and (2) the specific information related to the burden of completing the search for records responsive to your requests. For these reasons, we hope that you understand that we are unable to offer additional resources for a search we believe would not produce relevant information to the claims or defenses in this case.

Best regards,

Josh

------------------------------------------------------------------------
This message was secured by Zix Corp (R).



This service is hosted by Zix on behalf of U.S. Securities and Exchange Commission Secure Email More Information