# EXHIBIT 8

| | |
|---|---|
| **From:** | Rutkowski, Joanne |
| **To:** | "David Jarvis" |
| **Subject:** | RE: |
| **Date:** | Friday, January 05, 2018 10:15:00 AM |

David, could you use this dial-in for our call this morning, thx:

202-551-7000 (US/Canada)
888-732-8001 (US/Canada Toll-free)
17000      (SEC Internal)

Access Code:
980 530 750

---

**From:** David Jarvis [mailto:djarvis@alpine-securities.com]
**Sent:** Thursday, January 04, 2018 4:41 PM
**To:** Rutkowski, Joanne
**Subject:** RE:

Again, I'm not asking about the order. I am asking a far more general question. How about 11:00 EST? I will conference in one of my colleagues at that time.

I can be reached at 804 357 0567

Thanks!

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.

---

**From:** Rutkowski, Joanne [mailto:RutkowskiJ@sec.gov]
**Sent:** Thursday, January 4, 2018 1:53 PM
**To:** David Jarvis <djarvis@alpine-securities.com>
**Subject:** RE:

Mr. Jarvis,

Thank you for writing. I'm not sure I can add any gloss to the Commission's order but would be happy to talk with you. Is there a time tomorrow I could call you?

Many thx,
Joanne Rutkowski

**From:** David Jarvis [mailto:djarvis@alpine-securities.com]
**Sent:** Thursday, January 04, 2018 10:36 AM
**To:** Rutkowski, Joanne
**Subject:**
**Importance:** High

Dear Ms. Rutkowski:

I write to you, unfortunately, after having unsuccessful interaction with one of your colleagues.  I give you the entire history of the inquiry that I have on behalf of my organization.

Fairly recently the Commission filed an action against Microcap Equity Group and an individual that can be found here:  https://www.sec.gov/litigation/complaints/2017/comp23992.pdf

The gravamen of the Complaint can be found in numerical paragraph 2.  It alleges:  *Between January 2013 and July 2016, Defendants, as part of a regular business, engaged in the buying and selling of securities for Defendants' own accounts. Defendants purchased from debtholders the aged debts of various microcap issuers of securities. Contemporaneously, and as part of their purchase of the aged debt, Defendants obtained*
*agreements with the issuers permitting Defendants to, at their discretion, convert the debt into shares of the issuers' common stock. Defendants deposited these shares (once converted from the debt) into their brokerage accounts and sold significant numbers of them into the market. Finally, Defendants deposited the net proceeds from the stock sales into their bank accounts.*

Generally speaking, the Defendants acquired aged convertible debt or simply aged where the issuer agreed to conversion terms because it could not pay the obligation.  Thereafter, Defendants converted the debt and sold the positions.  In a scheduled conference call with the Staff Attorneys who brought this action they would not provide us guidance in terms of our inquiries and instead directed us to OCIE.

*What we as an organization are trying to understand is whether or not the Staff and/or the Commission are deeming the acquisition of third party debt, conversion of that debt, and sale into the public marketplace a business model (if you will) that requires registration as a dealer?  We are aware that the definition of dealer excludes routine trading transactions for ones own account as well as other potentially relevant carve outs.  Here we are simply trying to gain our regulators posture.*

Despite advising you colleague that we do not seek any information or insight into pending litigation, she has refused to provide any guidance responsive to our inquiry basing her refusal on an errant belief that we are seeking comment on an enforcement action, where we clearly are not.  Rather, what we are trying to be is a compliant firm that operates well within the confines of propriety and our inquiry is on all fours with how we seek to operate our business.

Moreover, you colleague suggests we should obtain a no action letter where she certainly should know that the SEC will not provide no action relief or responses to hypothetical scenarios.

I, along with my organization, appreciate your assistance in this regard.

Thank you.

DHJ


David H . Jarvis
Special Counsel


Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer. Thank you.