# EXHIBIT 21



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
**DIVISION OF ENFORCEMENT**
100 F Street, N.E.
WASHINGTON, D.C. 20549-1004

Joshua Braunstein
Senior Trial Counsel
: (202) 551-8470

DIVISION OF
ENFORCEMENT Telephone
BraunsteinJ@sec.gov

May 6, 2021

<u>**VIA EMAIL**</u>

Veena Viswanatha, Esq.
Christopher F. Regan, Esq.
Buckley Sandler LLP
1250 24th Street NW, Suite 700
Washington, DC 20037

  Re: *SEC v. Justin W. Keener d/b/a JMJ Financial*, No. 20-cv-21254 (S.D. Fla.)

Dear Veena and Chris:

  We write in response to JMJ's Monday May 3 and Wednesday May 5, 2021 emails.  We appreciate your offer in both emails to help us narrow any search and thereby reduce the potential burden of searching, compiling and producing any documents that may be responsive to this request.  As we have explained, your request for every document concerning questions the Office of Interpretation and Guidance (OIG) received (and its responses) over an eight-year period relating to *every* dealer registration question that has arisen under the Guide to Broker-Dealer Registration (Guide) is exceptionally broad and not proportional to the needs of the case.

  As you know, we have already conducted a search for any communications between the OIG and the Defendant for the time period covered in your requests.  Such information might be relevant to the charges and defenses in this case.  Similarly, we believe that the search was proportional to the needs of the case.  As we told you last week, we have not found any responsive documents.  As far as we can tell, the Defendant never contacted the OIG with questions, nor did the OIG provide any information to him with regard to his (or his employees') specific conduct and whether he fell within the statutory definition of a dealer.  Given that Mr. Keener has refused to indicate whether he ever contacted the OIG, our conclusions appear to be correct.  As we also

Veena Viswanatha, Esq.
Christopher Regan, Esq.
May 6, 2021
Page 2

noted, this makes sense in light of his FINRA bar, which would have precluded him from registering as a dealer in any event.

With respect to your broader request, we note that neither of your email responses meaningfully addresses our relevance objection. Nor do they explain why any additional burden would be proportional to the needs of the case in light of our relevance concerns. As of your May 5 email, JMJ has provided us with a very limited explanation about why the documents might be relevant. Our understanding is that your relevance argument relies on an ostensible Due Process fair notice (hereinafter "Due Process") defense based upon:

- Mr. Regan's explanation in his March 18, 2021 email that the "issue [relating to potentially responsive documents] is directly **relevant to the due process and fair notice arguments we intend to pursue** which concern not just what Mr. Keener saw but also the general industry understanding of the applicable requirements[,]" (emphasis added);

- The *SEC v. Ripple Labs* April 6, 2021 Hearing Transcript (which Mr. Regan attached to his April 20, 2021 email), during which the Magistrate Judge ruled from the bench that the SEC was required to produce certain documents; and

- Ms. Viswanatha's May 5, 2021 email citing, without explanation, the "recent ruling in *Ripple Labs,*" and stating that: "such communications are relevant because they will shed light on the general industry understanding of the dealer registration requirements, which is a topic that is appropriate for expert witnesses. These communications will also be relevant to assessing the reasonableness of the SEC's current interpretation of the dealer registration requirements."

We are not persuaded. As we have said several times, in writing and orally, your client lacks a cognizable Due Process argument in this case. In her August 14, 2020 Order denying JMJ's motion to dismiss Judge Bloom squarely considered and rejected JMJ's claim that Mr. Keener was engaged in business activities he "'had no way of knowing could be unlawful.'" *See* August 14, 2020 Order at 10. In denying JMJ's motion to dismiss, Judge Bloom reasoned that JMJ's Due Process argument "overlooks the express language of the Exchange Act, decisions from this circuit applying the definition of 'dealer,' and the SEC Guide itself, which sets forth instances in which a party can be deemed a dealer." *Id.* at 10-11. Moreover, Judge Bloom also noted that JMJ's Due Process argument "fails to point to any particular aspect of the Exchange Act that is ambiguous." *Id.* at 11.

We understand that your client's Due Process argument rests, at least in part, on your view that the factors cited in the Guide, or the manner in which the OIG answered third-party questions about it, somehow prevented your client from having fair notice of the law. But Judge Bloom specifically rejected this position, stating:

Veena Viswanatha, Esq.
Christopher Regan, Esq.
May 6, 2021
Page 3

> The Eleventh Circuit has examined the explicit statutory language defining a 'dealer' without referencing factors when evaluating whether a party is subject to securities registration requirements. *See SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 809-10 (11th Cir. 2015) (explaining that the "centerpiece" of the definition of a "dealer" is the word "business," and noting that defendants were dealers where their "*entire* business model was predicated on the purchase and sale of securities" and where they bought "stocks at deep discounts" by contractual agreement and "then resold those stocks for profit") (emphasis in original).

*Id*. at 9-10.  Your client had notice of the dealer registration requirement not only from the plain language of the statute, the Guide, and the Eleventh Circuit's decision in *Big Apple*, which came within two months of the start of the Relevant Period in the Complaint, but also from the *Big Apple* decision in the Middle District of Florida in 2011.  *See SEC v. Big Apple Consulting USA, Inc., et al.*, 2011 WL 3753581, *8-10 (M.D. Fla. Aug. 25, 2011).

Because this Court has already forcefully rejected your client's Due Process arguments—following the controlling precedent in the 11th Circuit—we do not see how the OIG documents you seek are possibly relevant to the case here.  And the many hours of SEC resources it would require to conduct a search for documents relating to dealer registration that never reached your client would clearly not be proportional to any genuine needs of this case.  There is no question that Defendant should have been on notice that his business (which was plainly focused on buying and selling high volumes of securities) met the definition of "dealer" from the plain language of the statute, the two *Big Apple* decisions, *and* the Guide.

Finally, neither Judge Bloom's August 14, 2020 Order nor other Due Process jurisprudence supports your assertion that any responsive documents would be relevant to "the general industry understanding of the dealer registration requirements, which is a topic that is appropriate for expert witnesses."  In fact, the standard for determining whether civil statutes that regulate economic activities provide "fair notice" is whether the law is sufficiently clear that its prohibitions would be understood by an ordinary person operating a profit-driven business.  Fair notice is not what a hired expert is prepared to testify regarding the extent to which "the industry" understands the law or what the law means.  In any event, Judge Bloom's August 14, 2020 Order renders this position wholly unavailing.

Consistent with this explanation, the SEC's current position is that, based on the objections we have posed, we do not intend to search for any OIG documents beyond the reasonable search we already conducted relating to JMJ.  But in the interest of ensuring that we fully understand the scope of your request and proposal to make your offer more proportional to the needs of this case, please share: (1) JMJ's proposal for a small list of search terms that would narrowly target potential OIG

Veena Viswanatha, Esq.
Christopher Regan, Esq.
May 6, 2021
Page 4

documents, and (2) your position on our above discussion.  We will consider both and evaluate how they may alter the burden and proportionality requirement consistent with the Federal Rules of Civil Procedure.

 Sincerely,

                                                 s/_____
                                                 Joshua E. Braunstein
                                                 Antony Richard Petrilla

cc:
       Ben Greenberg, Esq.
       Oliva Rauh, Esq.