IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUSTIN W. KEENER D/B/A JMJ FINANCIAL, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) | No. 20-cv-21254 <br><br> Hon. Beth Bloom |

**PLAINTIFF'S UNOPPOSED MOTION FOR PARTIAL RELIEF FROM ORDER
AND LOCAL RULE REGARDING ATTENDANCE AT MEDIATION**

On March 25, 2020, the Court ordered the parties to file a joint scheduling report that addressed, among other items, "[s]election of a mediator and scheduling of a time, date, and place for mediation within 30 days of the scheduling order." [D.E. #4] The parties filed their Joint Scheduling Report on July 6, 2020. [D.E. #19] On July 29, 2020, the parties filed a Supplemental Notice of Selection of Mediator in which they stated that: "The mediation will be conducted by videoconference at 10:00 a.m. on March 25, 2021." [D.E. #27] On July 30, 2020, the Court issued an Order Scheduling Mediation stating that "The mediation conference in this case shall be held on March 25, 2021, at 10:00 a.m. with Harry R. Schafer via videoconference." [D.E. #28] On February 1, 2021, Defendant filed an Unopposed Motion to Amend Order Setting Trial and Pre-Trial Schedule, and to Amend Order Scheduling Mediation in which he requested an extension of approximately four months to the overall schedule and which resulted in a new

mediation date of August 4, 2021.  [D.E. #40]  The Court approved that motion on February 3, 2021.  [D.E. #41]

Plaintiff Securities and Exchange Commission (the "Commission") respectfully requests that the Court relieve it of the requirement of Southern District of Florida Local Rule 16.2(e) to have a representative present at mediation "with full authority" to negotiate a settlement.  The laws governing the Commission as well as its own policies require the five-member Commission to review and approve nearly all forms of settlement in cases where the Commission has commenced litigation.  Local Rule 16.2(e) requires that "[u]nless excused in writing by the presiding Judge, all parties . . . shall be physically present at the mediation conference . . . with full authority to negotiate a settlement."

The Commission consists of five Commissioners, appointed by the President with the advice and consent of the Senate.  *See* Section 4(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78d(a).  Only the Commissioners may authorize commencement of a securities enforcement action such as this one.  Exchange Act § 21(d)(1), 15 U.S.C. § 78u(d)(1).  Because only the Commissioners acting as a body must approve nearly all forms of settlement, it is impossible for the Commission to have a representative with binding authority to settle the case present at mediation.  Both the Federal Rules of Civil Procedure and the federal courts have recognized the unique position that agencies of the federal government occupy when it comes to having a representative with binding authority present at settlement conferences.

For example, the Advisory Committee Notes to the 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure discuss the status of government agencies attending pretrial conferences at which settlement may be discussed:

> The amendment of paragraph (9) should be read in conjunction with the sentence added to the end of subdivision (c), authorizing the court to direct that, in

> appropriate cases, a responsible representative of the parties be present or available by telephone during a conference in order to discuss possible settlement of the case.  The sentence refers to participation by a party or its representative.  Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier or someone else would depend on the circumstances.  *Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility.*  ***The selection of the appropriate representative should ordinarily be left to the party and its counsel***.

Advisory Committee Notes to 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure (emphasis added).

The Federal Rules contemplate the exact situation the Commission faces here—the inability to have a person with "on-the-spot" settlement authority present.  Because only the Commissioners may approve any settlement of this case, the Commission is in a different posture than an individual party.  It cannot have a person with full settlement authority present.  That is not to say that the Commission cannot or will not attend mediation and attempt to negotiate in good faith.  To the contrary, the fact that the Commission is willing to send a senior staff member shows the Commission takes this matter seriously.

Because of the unique statutes and rules that define the authority and obligations of the Commission and its staff, the Commission respectfully requests the Court to allow a senior representative from the Commission's Home Office in Washington, DC to attend mediation, who will have the authority to negotiate a settlement that the representative and the undersigned can recommend to the Commission for its possible approval.[1]

---

[1] Undersigned trial counsel will also attend the mediation.

Undersigned counsel have conferred with counsel for Defendant Justin Keener, who will be attending the mediation, and he does not oppose this motion. A proposed order is submitted herewith.

Dated: July 20, 2021

Respectfully submitted,

/s/
Joshua E. Braunstein (Special Bar No. A5502640)
Antony Richard Petrilla (Special Bar No. A5502641)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street NE Washington, DC 20549
Telephone: (202) 551-8470
Braunsteinj@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2021, I filed Plaintiff Securities and Exchange Commission's Plaintiff's Unopposed Motion for Partial Relief from Order And Local Rule Regarding Attendance At Mediation through the Court's CM/ECF system, which automatically sends notices to counsel of record in this case.

/s/
Joshua E. Braunstein

**ATTORNEY FOR PLAINTIFF
SECURITIES AND EXCHANGE
COMMISSION**