UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>JUSTIN W. KEENER D/B/A JMJ FINANCIAL,<br><br>                    Defendant. | NO. 1:20-CV-21254-BLOOM/LOUIS |

**NOTICE REGARDING FOOTNOTE NO. 4 OF PLAINTIFF SECURITIES
AND EXCHANGE COMMISSION'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL**

Plaintiff United States Securities and Exchange Commission hereby provides notice to the Court as follows:

Magistrate Judge Louis set a hearing on Defendant's Motion to Compel [Dkt. 47] for Monday, July 26, 2021, regarding the production of additional documents from the SEC's Division of Trading and Market's Office of Interpretation and Guidance (the "Office") relating to communications that the Office may have had with members of the public.

On July 21, 2021, after the SEC filed its July 9, 2021 memorandum of law and opposition ("Opposition") [Dkt. 48] to Defendant's motion to compel [Dkt.47], counsel for Defendant informed SEC counsel that Defendant had not received Exhibit 3 to the Opposition. Exhibit 3 was a document that was responsive to one of the two search terms designated by the Court at the June 18, 2021 hearing and in an Order issued on June 22, 2021. SEC counsel believed the document had been produced on June 25, 2021, along with the rest of the documents that were

responsive to the Court's order regarding the two terms the Court had ordered the SEC to search. Upon receiving Defendant's July 21 email, SEC counsel immediately investigated and found that because an administrative error, there were a total of eight documents that had not been produced on June 25.

Upon discovering the error, the SEC produced the eight documents less than an hour after being alerted by defense counsel that Defendant had not received Exhibit 3 before the SEC filed the Opposition. Apart from Exhibit 3, the newly produced documents consist primarily of emails from a third party whose first name is Apple (one of the search terms). These documents were deemed responsive because the third-party was asking basic questions about brokers and dealers (such as whether the Form BD is public and the extent to which the terms "broker" and "dealer" have different meanings). These documents contain no material that is arguably relevant to either party's claims or defenses, and their late production has not prejudiced Defendant.

As explained above, counsel for Defendant did not have Exhibit 3 when it filed its motion to compel and claimed that "[i]n none of the [Office of Interpretation and Guidance] communications did the SEC ever tell market participants to read *Big Apple* . . . ." Def.'s Mot. Compel at 5. The SEC's Opposition responded that this claim was "factually incorrect" and cited Exhibit 3 in footnote 4. *See* Opp. Mot. Compel at 8 & n. 4. The SEC's response on this point was based upon its mistaken belief that counsel for Defendant had received all of the

documents contained in Exhibit 3, but that was not in fact the case.  The SEC has filed this notice to clarify the state of the record for the Court as it considers Defendant's motion to compel.

DATED:   July 23, 2021                    Respectfully submitted,

By:

 /s/ Antony Richard Petrilla
Joshua E. Braunstein
Antony Richard Petrilla
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-8470
Braunsteinj@sec.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2021, I filed Plaintiff Securities and Exchange Commission's NOTICE REGARDING FOOTNOTE NO. 4 OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL through the Court's CM/ECF system, which automatically sends notices to counsel of record in this case.

/s/
Antony Richard Petrilla

**ATTORNEY FOR PLAINTIFF**
**SECURITIES AND EXCHANGE COMMISSION**