UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-21254-BLOOM/Louis

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

JUSTIN W. KEENER, *d/b/a/ JMJ Financial*

    Defendant.
_____/

## ORDER ON DISCOVERY DISPUTE

**THIS CAUSE** comes before the Court upon Defendant Justin W. Keener d/b/a/ JMJ Financial's Motion to Compel Communications Between the Securities and Exchange Commission's Office of Interpretation and Guidance and Third Parties (ECF No. 47). The Securities and Exchange Commission, the Plaintiff in this matter, filed a Response (ECF No. 48) and a subsequent Notice to clarify certain assertions made in its Response regarding an inadvertent oversight on the production of certain documents (ECF No. 59). The Court heard arguments on Motion on July 26, 2021. This Order succinctly memorializes but does not modify the rulings made in open court.

The present Motion to Compel follows an Order on noticed discovery disputes (ECF No. 45), in which I compelled Plaintiff SEC to produce documents responsive to Defendant's First Request for Production, finding that Defendant proffered a relevant basis for seeking the documents. The Plaintiff's assertion of burden, by contrast, I found was not fully substantiated by facts or evidence necessary to inform the Court's proportionality analysis. The SEC insisted that search of the relevant database would require hundreds of hours of attorney time due, in part, to the limited search capabilities. I ordered the SEC to attempt to locate responsive documents using two test terms based on the argument presented at the hearing, and granted leave to file a motion to compel—or a motion

1

for a protective order—following the SEC's production of responsive documents should the dispute persist.

Defendant now moves to compel the SEC to continue its production by applying **14** search terms to the database and producing responsive documents from those results. Defendant argues that the emails returned from the two test terms demonstrate the relevant nature of the correspondence sought between the SEC and third parties; Defendant contends these communications show that the SEC caused confusion in the marketplace surrounding broker-dealer registration requirements. The SEC in response argues the opposite, contending that the documents produced *cannot* be relevant to Defendant's affirmative defense of fair notice or scienter. The SEC substantiates its claim that to undertake the searches requested by Plaintiff would be exceptionally burdensome: an affidavit offered in support estimates that 52,000 hits resulted from Defendant's proposed terms from one database alone (post-dating 2015) and the earlier data must all be hand-mined, all at great time and expense to the SEC. The SEC asks that the Motion be denied, and if it is, the SEC proposes to run a series of Boolean searches over the ESI to achieve narrowed results.

The Parties have engaged in protracted conferrals to resolve their discovery disputes, but the application of search terms has unfortunately left them at loggerheads. Generally, the Court does not order the application of specific search terms to be applied for two reasons: first, it is always the propounding party's obligation to produce responsive documents in compliance with Federal Rule of Civil Procedure 34, an obligation it cannot avoid by delegating the selection of search terms to either the requesting party or the Court. Second, and more practically, the propounding party is in a position of superior knowledge to the Court and the requesting party regarding the data to be searched. It is thus unique to this dispute, these Parties, and this case, that I have nonetheless ordered the application of specific terms to be applied to the SEC's data and responsive documents produced therefrom. In so doing, I found that the search terms proposed by the SEC reflected thoughtful consideration of

Defendant's proposed terms and affirmative defense, and I find that for this dispute, the SEC fully substantiated its assertion that the searches proposed by Defendant would be unduly burdensome and not proportional to the needs of the case.

Ultimately, Defendant's Motion was granted in part and denied, in large part. The Motion was denied to the extent Defendant moves to compel the application of the **14** specified search terms to the SEC's data.  At the hearing, counsel for the SEC advanced a series of search sentences that had been tested on the post-2015 data and returned modest hit results. Defendant advanced another two strings that, with some input from counsel for SEC, were adopted and included in the sentences the SEC was ordered to apply. Mindful of the deadline to complete fact discovery in this case, the SEC was ordered to complete the resulting production by no later than Monday, August 2, 2021, and to begin and make rolling productions as feasible in the interim.

**DONE and ORDERED** in Miami, Florida this 27th day of July, 2021.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**