## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

   v.

JUSTIN W. KEENER D/B/A JMJ FINANCIAL,

                      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 20-cv-21254

Hon. Beth Bloom

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
## OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

## **INTRODUCTION**

After the parties fully briefed their cross-motions for summary judgment, Defendant Justin W. Keener ("Defendant") filed a motion to strike, in part, the SEC's Reply Statement of Material Facts ("RSMF").  Defendant claims that under Local Rule 56.1(b)(3), the SEC's RSMF is improper. DE 106.  Specifically, Defendant contends that the Court should strike Section A of the SEC's RSMF (hereinafter "Section A") because it allegedly includes additional facts and argument in support the SEC's Initial Statement of Material Facts ("SMF") rather than reply to his Opposition to the SEC's Statement of Material Facts ("OSMF").  *Id.* at 1.

Defendant is wrong, and this Court should deny his motion for three principal reasons. First, Local Rule 56.1(b)(3) *requires* the moving party to respond to any "additional facts" the non-movant includes in its OSMF, whether or not they are labeled as "additional facts."  The SEC has complied with the Local Rule and responded to the facts contained in both sections of Defendant's OSMF—the Counterstatement of Material Facts and the Additional Facts section.  Defendant fails to identify even one fact that the SEC has advanced in Section A that alone supports the SEC's SMF.  Rather, the SEC has appropriately responded to Defendant's OSMF by identifying and challenging incorrect facts and providing appropriate clarification and support for its position.

Second, this Court's rulings underscore that, in accordance with the Local Rules, the movant's RSMF must offer evidence to contradict facts in the non-movant's OSMF or else those facts may be deemed admitted.  The SEC's RSMF is consistent with the language and intent of the Local Rule and this Court's application of it.  This Court has decided at least four other motions for summary judgment where the movant's RSMF replied to the non-movant's OSMF.  This Court could have struck those filings *sua sponte* under Local Rule 56.1(d)—"the Court may strike" any statement of material facts that "does not comply with this rule"—but did not do so.

Third, the SEC's approach is consistent with the very purpose of a reply brief, which is to

permit the movant to respond to its opponent's new arguments and factual assertions.  Accordingly, the Court should deny Defendant's motion.

## RELEVANT PROCEDURAL HISTORY

The SEC filed a Motion for Summary Judgment ("MSJ") and an SMF on August 13, 2021. DE 102 & 101.  On August 31, 2021, Defendant filed an Opposition to the SEC's MSJ and an OSMF.  DE 90 & 91.  The SEC filed a Reply to Defendant's Opposition to the MSJ and an RSMF on September 7, 2021.  On September 14, 2021, Defendant filed a Motion to Strike Section A of the SEC's RSMF.  DE 106.

## ARGUMENT

On September 7, 2021, together with its Reply MSJ, the SEC filed its RSMF (DE 101) in which the SEC replied to the facts that Defendant asserted in his OSMF.  The SEC, in Section A, replied to the *additional* facts that Defendant included in his Counterstatement of Disputed Facts, as well as those that he included in his "Additional Facts" section, which was limited to five pages under the local rules.  *See* DE 91; Local Rule 56.1(b)(2)(D).  Defendant now moves to strike Section A on his unsupported allegations that it "improperly adds support for the facts set forth in [the SEC's] initial Statement of Material Facts."  DE 106 at ¶ 6.  The Court should deny Defendant's motion for several reasons.

First, Defendant is essentially contending that the SEC was not permitted to reply to any facts in the OSMF that he did not label as "additional facts" and include in the five pages set aside for such facts under the Local Rules.  *See* DE 106 at ¶ 5.  He is mistaken.  Local Rule 56.1(b)(3) *requires* the SEC to respond to any additional facts Defendant asserted, *without regard to how Defendant labeled them.*  To that end, the Rule states, "If an opponent's Statement of Material facts includes additional facts, then the movant *shall* respond to each additional fact in a separately served Reply Statement of Material Facts."  *See* Local Rule 56.1(b)(3)(A) (emphasis added).  The SEC complied

2

with the rule.  Section A responded to additional facts that Defendant included throughout his

OSMF, not just those that Defendant included in his five page section of "additional facts."[1]  Any

additional facts that the SEC included in Section A were offered merely to support its reply, as it is

required to do, and to clarify its position with respect to the Defendant's OSMF.

Second, even to the extent that any assertions in Section A did not directly reply to

Defendant's OSMF section labeled "Additional Facts," the SEC was still obligated to respond to

them or risk having the Court deem them admitted.  This is consistent with the Court's prior

summary judgment rulings.  For instance, in *Pepin v. Pompano Place Condominium Association, Inc.*, the

Court found that where the movant for summary judgment had failed to provide evidence *in its*

*RSMF* to contradict a fact in the non-movant's OSMF—without regard to whether that fact is

labeled as an "additional fact"—the movant *admitted* the fact.  *Pepin,* Case No. 0:16-cv-62802-

BLOOM/Valle, 2017 WL 5971838, at *2 & n. 2 (S.D. Fla. Dec. 1, 2017).  In denying the

Defendant's motion for summary judgment, in *Pepin*, the Court stated, "To the extent that the Order

cites to Plaintiff's Statement of Material Facts in the Undisputed Facts section, such facts are

supported by record evidence and **Defendants did not contradict those statements with any**

**evidence in their Reply.**"  *Id.* (emphasis added).  Notably, the two facts in *Pepin* from the non-

---

[1] In what can only be viewed as an attempt to circumvent the five-page limit on "additional facts," Defendant included in his OSMF numerous additional facts (as well as legal arguments) that purported to be responsive to the SEC's SMF, but which he included outside the section he labeled "Additional Facts."  For example, paragraphs 6, 8, 11, 12, 13, 14/15, 18, 28, 31, 32, 33, 36, and 37 of Defendant's OSMF unquestionably include additional facts under the guise of responding to the corresponding paragraphs in the SEC's SMF, without labeling them as such.  *See* DE 91.  The SEC properly responded to these additional facts in its RSMF.  Defendant ignores this, and instead falsely contends that the SEC is trying to evade applicable page limits on statements of material fact.  *See* DE 106 at ¶ 6.  His own OSMF, DE 91, spent 35 pages responding to the SEC's SMF (in contrast to the SEC's 13 page RSMF).  DE 101 (SEC's RSMF).  Notably, although Defendant sought leave to exceed the page limits for his memorandum of law in support of his motion for summary judgment, his SMF, and his memorandum of law in support of his opposition to the SEC's motion for summary judgment, Defendant did not seek leave to exceed the limit of 10 pages on his OSMF or the five-page limit on "additional facts."  *See* DE 52 & 82 (motions to exceed page limits); Local Rule 56.1(b)(2)(D).

movant that the Court deemed admitted, *id.* at *2, both appeared in the section of the non-movant's

OSMF that responded to facts in the movant's SMF and *not* in the separate section of the OSMF

setting forth the non-movant's "additional facts."  *See id.,* Case No. 0:16-cv-62802-BLOOM/Valle,

DE 52 at ¶¶ 16 & 17.

   Other movants in this Court have filed RSMFs that addressed facts in the non-movants'

OSMFs that were not labeled as "additional facts."[2]  And in each of these cases, this Court did not

strike any of these RSMFs, notwithstanding that under Local Rule 56.1(d), "the Court may strike"

*sua sponte* any SMF that "does not comply with this rule."

   Third, the SEC's position is not only consistent with how this Court has treated other

parties' RSMFs, it is also wholly consistent with the very *purpose* of a reply brief.  "The purpose of a

reply brief is to rebut any new law or facts contained in the opposition's response to a request for

relief before the Court."  *In re Fiddler's Creek, LLC,* Case No. 2:14–cv–379–FtM–29CM, 2015 WL

4470093, at *2 (M.D. Fla. July 21, 2015) (quotation marks and citation omitted); *see also Tardif v.*

*People for the Ethical Treatment of Animals,* Case No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2

(M.D. Fla. July 13, 2011) (same).  Where the non-moving party (Defendant) is citing new facts in his

OSMF, the moving party (the SEC) should have the opportunity to reply to those facts in its RSMF.

This is particularly true where, as here, the SEC's RSMF simply sought to direct the Court to record

evidence that responded to new, additional and often misleading facts that Defendant sought to

include in his OSMF.  It would make no sense to permit a party to reply to its opponent's

---

[2] *See, e.g., Conseal Int'l Inc. v. Neogen Corp.,* Case No. 0:19-cv-61242-BLOOM/Valle, DE 103 at pages 1-6 (Defendant's Reply in Support of Its Statement of Material Facts); *Centre Hill Courts Condominium Assoc., Inc. v. Rockhill Ins. Co.,* Case No. 9:19-cv-80111-BLOOM/Reinhart, DE 111 at pages 1-14 (Plaintiff's Reply Statement of Material Facts to Defendant's Disputed Material Facts in Response to Plaintiff's Motion for Partial Summary Judgment); *Radke v. NCL (Bahamas) Ltd.,* Case No. 1:19-cv-23915-BLOOM/Louis, DE 82 at pages 1-3 (Defendant's Reply Statement of Material Facts); *Jimenez v. U.S.,* Case No. 1:20-cv-21368-BLOOM/Louis, DE 45 at pages 1-7 (Defendant United States Reply Statement of Material Facts).

opposition brief, while denying that party the right to actually address misleading or false factual

assertions that accompany that brief.  Simply put, in ruling on the SEC's MSJ, the Court should have

the best understanding of the factual record possible.

The only authority Defendant cites for his position is *Shannon v. Nat'l R.R. Passenger Corp.*,

No. 1:17-cv-23314-UNGARO, 2018 WL 11251005, at *1 (S.D. Fla. June 19, 2018).  In *Shannon* the

Court struck "plaintiff's reply statement of facts to the extent it 'supplement[ed] its initial statement

of facts' because defendant 'had no opportunity to respond to them' and finding otherwise would

'allow [plaintiff] to circumvent page limits.'"  DE 106 at ¶ 7.  *Shannon* does not control here.  There

is a difference between "allowing a party to supplement its initial statement of facts in its reply

[statement of facts]," *see id.*, and allowing the movant—as the SEC did here—to respond to

additional facts that the non-movant's OSMF included in the same paragraphs that responded to the

movant's SMF.  Here, the Court should find (1) that the SEC was not supplementing its facts, but

instead responding to additional facts, and (2) to the extent any of the facts in Section A were new

facts that rebutted Defendant's assertions of fact, they were wholly consistent with the Local Rules,

this Court's prior rulings, and the purpose of reply briefs and RSMFs generally.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Strike.

DATE:    September 28, 2021          Respectfully submitted,

By:

_____

Antony Richard Petrilla
Joshua E. Braunstein
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4544
Petrillaa@sec.gov

**ATTORNEYS FOR PLAINTIFF**
**SECURITIES AND EXCHANGE**
**COMMISSION**

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2021, I filed Plaintiff Securities And Exchange Commission's Opposition to Defendant's Motion to Strike through the Court's CM/ECF system, which automatically sends notices to counsel of record in this case.

Antony Richard Petrilla

**ATTORNEY FOR PLAINTIFF SECURITIES AND EXCHANGE COMMISSION**