UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-CV-21254-BLOOM/LOUIS

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

JUSTIN W. KEENER D/B/A JMJ FINANCIAL,

                Defendant.

## DEFENDANT'S SUR-REPLY IN RESPONSE TO PLAINTIFF'S MOTION FOR REMEDIES

      Defendant Justin W. Keener respectfully submits this Sur-Reply to address a new argument raised by the SEC for the first time in its Reply Brief to its Motion for Remedies (ECF No. 129). Specifically, the SEC argued for the first time in its Reply that an amendment to the Exchange Act enacted on January 1, 2021 overruled the Supreme Court's decision in *Liu v. SEC*, 140 S.Ct. 1936 (2020). *See* ECF No. 129 at 1, 3-4 (citing new Section 21(d)(7) (15 U.S.C. § 78u(d)(7)) that was enacted as part of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021 ("NDAA"), PL 116-283, 134 Stat. 3388).  This Sur-Reply is necessary because the SEC never cited the NDAA or Section 21(d)(7) in its Motion for Remedies, *see* ECF No. 124, and indeed never once previously argued in this case that *Liu* had been overruled by Section 21(d)(7), despite *Liu* being the focus of three prior SEC briefs.  *See* ECF No. 68 at 17; ECF No. 89 at 30-32; ECF No. 86 at 11-14.

      The SEC's new argument is wrong—the NDAA and Section 21(d)(7) did not overrule *Liu*.  Section 21(d)(7) simply states that "the Commission may seek, and any Federal court may order, disgorgement."  15 U.S.C. § 78u(d)(7).  The SEC claims that because Section 21(d)(7) "does not contain the 'for the benefit of investors' language in Section 21(d)(5) that was at issue in *Liu*," courts now have "greater flexibility" and are freed from the shackles of *Liu*.  ECF No. 129 at 3-4. However, the SEC does not cite a single case supporting this theory.  In fact, no court in the country

1

has held that Section 21(d)(7) impacts the interpretation of *Liu* in any way. Every court addressing an SEC disgorgement claim after Section 21(d)(7) was enacted only awarded disgorgement after considering whether it complied with *Liu*. *See, e.g., SEC v. Gordon*, 2021 WL 5086556, at *10 (N.D. Tex. Nov. 1, 2021); *SEC v. Blackburn*, 15 F.4th 676, 682 (5th Cir. 2021); *SEC v. Dang*, 2021 WL 1550593, at *7 (D. Conn. Apr. 19, 2021).

If Congress had intended to overrule *Liu* and completely redefine the meaning of disgorgement, it would have explicitly said so. But the statute is silent on this point. While the SEC essentially argues there are no longer any equitable principles the Court must consider before awarding disgorgement, the SEC's interpretation is at odds with the plain language of the statute. Section 21(d)(7) uses the word "disgorgement" and disgorgement has a settled meaning defined by *Liu* and its predecessors. *Liu*, 140 S. Ct. at 1947 ("Congress does not enlarge the breadth of an equitable, profit-based remedy simply by using the term 'disgorgement' in various statutes.") Moreover, the statute only authorizes disgorgement of "unjust enrichment." 15 U.S.C. § 78u(d)(3). And "unjust enrichment" is an equitable remedy, which necessarily brings with it the guardrails around equitable remedies in existing case law. *See, e.g., SEC v. Levin*, 849 F.3d 995, 1006 (11th Cir. 2017) ("Disgorgement is an equitable remedy intended to prevent unjust enrichment"); *Koch Foods of Ala., LLC v. Gen. Elec. Cap. Corp.*, 303 Fed.Appx. 841, 845 (11th Cir. 2008) ("Unjust enrichment is an old equitable remedy").

The SEC's interpretation of Section 21(d)(7) is also unconstitutional because it would retroactively impose a penalty. The NDAA was enacted on January 1, 2021, after this case was filed, but it applies to actions that were pending at the time of enactment. NDAA § 6501(b). The SEC argues this Court should apply the NDAA retroactively to order disgorgement without consideration of the equitable guardrails set forth in *Liu*. ECF No. 129 at 3-4. However, ignoring those guardrails would transform disgorgement into a penalty. *Liu*, 140 S. Ct. at 1944 (holding that disgorgement award must "not exceed a wrongdoer's net profits" and be "awarded for victims" in order to be permissible equitable relief and avoid transforming into a "punitive sanction"). And the "retroactive imposition" of a penalty "raise[s] a serious constitutional question" because "elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to confirm their conduct accordingly." *Landgraf v. USI Film Products*, 511 U.S. 244, 265, 281 (1994). Thus, if Congress really wanted to raise a "serious constitutional question" by authorizing courts to retroactively impose a punitive form of disgorgement, it would have explicitly said so. Yet

2

again, the statute is silent on this point, which undermines the SEC's reading. *Id.* (courts require "explicit[] authoriz[ation]" to impose a retroactive penalty).

      Mr. Keener thus respectfully submits that this Court should not ignore *Liu*. The SEC's position that a U.S. Supreme Court case no longer matters because of the NDAA is contradicted by the statutory language and is unconstitutional. It is also a position that has not been adopted by any court in the country. The SEC's position should be rejected.

Dated: May 10, 2022　　　　　　　　　　　　Respectfully submitted,

**GREENBERG TRAURIG LLP**

*/s/ Benjamin G. Greenberg*
**Benjamin G. Greenberg**
Florida Bar No. 192732
333 SE 2nd Avenue Suite 4400
Miami, FL 33131
Telephone: (305) 579-0850
Facsimile: (305) 579-0717
greenbergb@gtlaw.com

*-and-*

**BUCKLEY LLP**

**Christopher F. Regan (*pro hac vice*)**
**Veena Viswanatha (*pro hac vice*)**
**Adam Miller (*pro hac vice*)**
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 349-8000
Facsimile: (202) 349-8080
cregan@buckleyfirm.com
vviswanatha@buckleyfirm.com
amiller@buckleyfirm.com

*Counsel for Defendant Justin W. Keener*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served via ECF a true and correct copy of the foregoing Defendant's Sur-Reply to Plaintiff's Motion for Remedies to the following:

Joshua E. Braunstein (Special Bar No. A5502640)
Antony Richard Petrilla (Special Bar No. A5502641)
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-8470
Braunsteinj@sec.gov

*Attorneys for Plaintiff*
*Securities and Exchange Commission*

This, the 10th day of May, 2022

*/s/ Benjamin G. Greenberg*
Benjamin G. Greenberg