IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUSTIN W. KEENER D/B/A JMJ FINANCIAL, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | No. 20-cv-21254 <br><br> Hon. Beth Bloom |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S SUR-SUR-REPLY TO DEFENDANT'S OPPOSITION TO THE SEC'S MOTION FOR REMEDIES**

Defendant's sur-reply is based on the false premise that the SEC contends that Section 21(d)(7) of the Securities Exchange Act of 1934 overruled *SEC v. Liu*, 140 S.Ct. 1936 (2020). *See* 15 U.S.C. §§ 78u(d)(5) & (7); DE 132 at 2-3. The SEC has *never even suggested* this. *Liu* interpreted the phrase "for the benefit of investors" in Section 21(d)(5) as a "limitation[]" or "restrict[ion]" on a court's equitable authority to disburse collected disgorgement amounts. 140 S.Ct. at 1947-49. The SEC's reply brief merely notes that Section 21(d)(7) omits this exact language and that the Court thus has "greater flexibility" in determining how disgorgement should be distributed. DE 129 at 4; *see also SEC v. Almagarby*, 2021 WL 4461831 at *3 (S.D. Fla. 2021) (*Liu* does not require the SEC to identify victims before disgorgement is ordered). Nevertheless, as it has consistently stated, the SEC will attempt to make a distribution to investors in this case. The SEC is *not* requesting that the Court order disgorged funds be sent to the Treasury—which was the practice that troubled the Court in *Liu*—instead of to "known victims." 140 S.Ct. at 1946-48.

Although the SEC's disgorgement request is consistent with *Liu*, Defendant is mistaken to argue that applying Section 21(d)(7) to this case would raise any "serious constitutional question." *See* DE 132 at 2-3. The omission of language that *Liu* found "restricts" a court's equitable authority does not transform disgorgement into penal legislation. *See id.*, 140 S. Ct. at 1947. Regardless, the "congressional power to make valid statutes retroactively applicable to pending cases has often been recognized." *Bank Markazi v. Peterson*, 578 U.S. 212, 228 (2016).

Defendant also asserts that "no court in the country has held that Section 21(d)(7) impacts the interpretation of *Liu* in any way." DE 132 at 1-2. But the SEC's claim for disgorgement in the cases Defendant cites met *Liu*'s interpretation of Section 21(d)(5), so there was no need for the courts to address Section 21(d)(7). *See, e.g., SEC v. Blackburn*, 15 F.4th 676, 681-82, n. 4 (5th Cir. 2021). Similarly, the Court does not need to reach that question here because the SEC's

commitment to distributing the disgorgement award to harmed investors is consistent with both *Liu* and Section 21(d)(7).

DATE:   May 19, 2022                          Respectfully submitted,

By: *[signature: Tony Petrilla]*
_____
Antony Richard Petrilla
Joshua E. Braunstein
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4544
Petrillaa@sec.gov

**ATTORNEYS FOR PLAINTIFF**
**SECURITIES AND EXCHANGE**
**COMMISSION**