UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21254-BLOOM/Louis

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JUSTIN W. KEENER, *d/b/a JMJ Financial*,

    Defendant.
_____/

**Final Judgment**

**THIS CAUSE** is before the Court upon Plaintiff Securities and Exchange Commission's ("the SEC") Motion for Remedies, ECF No. [122] (the "Motion"). For the reasons stated in its Order, ECF No. [145], the Court granted in part and denied in part the SEC's Motion, found Defendant Keener liable for $7,786,639.00 in disgorgement, and ordered the parties to jointly file a calculation of the prejudgment interest to be applied to that amount. *Id*. at 23-24. The parties have complied. *See* ECF No. [146]. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The SEC's Motion for Judgment, **ECF No. [122]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Keener is **permanently restrained and enjoined** from directly or indirectly making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) while engaged in and pursuant to the regular business of buying and selling securities (not including security-based swaps, other than security-based swaps with or for persons that

   are not eligible contract participants) for his own account through a broker or otherwise unless Keener is registered as a dealer with the Securities and Exchange Commission, or unless he is associated with a broker-dealer that was so registered.

3. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Keener's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Keener or with anyone described in (a).

4. Keener is barred **for five years from December 6, 2022**, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51- 1].

5. Keener is liable for disgorgement of **$7,786,639.00**, representing net profits gained as a result of the conduct alleged in the Complaint, plus **$1,425,266.43** in prejudgment interest for the period of February 1, 2018 through January 21, 2022, plus a civil penalty in the amount of **$1,030,000.00**, for a total of **$10,241,905.43**.

6. Keener shall satisfy this obligation by paying **$10,241,905.43** within 30 days after entry of this Final Judgment. Keener may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Keener Defendant may also pay by certified

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Justin W. Keener d/b/a JMJ Financial as Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Keener shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's Final Judgment by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair

Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the Court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

7. **Within ten (10) days of entry of this Final Judgment**, Keener must surrender for cancellation his remaining shares of stock of the issuers listed in Exhibit 1 of the SEC's motion for remedies in this case, ECF No. [122-1], and surrender his remaining conversion rights under the convertible securities issued by them (the "Issuers"); and send copies of

correspondence evidencing the surrender for cancellation of Defendant's remaining shares of the Issuers and his remaining conversion rights under the convertible securities issued by the Issuers to the Securities and Exchange Commission addressed to Joshua E. Braunstein, Senior Trial Counsel, Securities and Exchange Commission, 100 F Street NE, Washington, DC 20549.

8. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;

9. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 19, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record